UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

SCOTT HALSEY, et al.,          )
                               )
        Plaintiffs,            )
                               )        Civil Case No.
v.                             )        16-cv-461-JMH
                               )
AGCO CORPORATION,  et al.,     )
                               )
        Defendants.            )        **MEMORANDUM OPINION & ORDER**
                               )

***

This matter is before the Court upon Defendant The Goodyear Tire and Rubber Company's Motion for Summary Judgment [DE 37]. There has been no Response, and the Motion is unopposed.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by citing to particular parts of materials in the record, including . . . affidavits. . . ." Fed. R. Civ. P. 56(c)(1)(A).

In Plaintiff's Complaint [DE 1-2], they aver that they were injured by Defendants as a direct and proximate result of Plaintiff Scott Halsey's use of an AGCO tractor equipped with "Titan/Goodyear" tires, which were sold and distributed in a defective condition due to their defective design or

manufacture; that Defendants failed to warn Plaintiffs of the defective and unreasonably dangerous condition; that Defendants negligently designed, manufactured, and sold or allowed to be sold the AGCO tractor and "Titan/Goodyear" tires; that Defendants were negligent per se in the design, production, distribution, marketing, and sale of the AGCO tractor and "Titan/Goodyear" tires to the general public; that Defendants breached their express warranties that the AGCO tractor and the "Titan/Goodyear" tire was safe and fit for a particular purpose and use for which it was intended; and that that Defendants breached implied warranties of merchantability and fitness for particular purpose of the AGCO tractor and the "Titan/Goodyear" tires. In each instance, the claims against The Goodyear Tire & Rubber Company turn on its involvement in the design, manufacture, or sale of the tire at bar, which the moving defendant disclaims.

In support of its motion, Defendant cites the affidavit of Jay Ogden, Director of Tire Technology for Titan Tire Corporation, who affies that "the tire at issue is a Titan-branded tire" and "not a Goodyear tire manufactured by Titan Tire Corporation." [DE 37-2.] He further affies that "Goodyear did not design, manufacture or distribute the tire at issue" and that "he is not aware of there being any Goodyear tire involved in this matter." [*Id.*] Defendant The Goodyear Tire and Rubber

Company argues that, because there is no evidence that it designed, manufactured, or distributed the tires at issue nor is it averred that it had any other involvement with the matters averred in this case, the claims against it fail as a matter of law and summary judgment is appropriate. The Court agrees, and the claims against this defendant shall be dismissed. *See* Fed. R. Civ. P. 56(a); Fed. R. Civ. P. 56(c)(1)(A); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1987).

Accordingly, **IT IS ORDERED** that Defendant The Goodyear Tire and Rubber Company's Motion for Summary Judgment [DE 37] is **GRANTED.**

This the 30th day of May, 2017.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge