UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

SCOTT HALSEY, et al., )
 )
    Plaintiffs, )
 ) Civil Case No.
v. ) 16-cv-461-JMH
 )
AGCO CORPORATION, et al., )
 )
    Defendants. ) **MEMORANDUM OPINION & ORDER**
 )

\*\*\*

This matter is before the Court for consideration of Plaintiffs' Objections [DE 60] to the Magistrate Judge's Order [DE 58] of July 27, 2017, denying their Motion for Leave to File Expert Disclosures [DE 56]. Under Fed. R. Civ. P 62(a), the undersigned may "modify or set aside any part of the order that is clearly erroneous or contrary to law" upon a party's objections.

Plaintiffs argue that because the Court ordered only that "reports from opinion witnesses pursuant to Rule 26(a)(2)" were due from Plaintiff on July 1, 2017, the disclosures for witnesses who do not provide a written report under Fed. R. Civ. P. 26(a)(2)(C) would be due, by default, at least 90 days before trial in light of Fed. R. Civ. P. 26(a)(2)(D)(i). Plaintiffs argue that the order should have read that there was a deadline for both Rule 26(a)(2)(B) reports and Rule 26(a)(2)(C)

disclosures instead of just mentioning reports under Rule 26(a) if the Magistrate Judge's conclusion was the Court's intention. If this was so very clear, the Court wonders why Plaintiffs sought leave of court to make the disclosures at all and why Plaintiffs did not seek clarification of the Court's order earlier if there was any confusion about what was due by July 1, 2017, as Plaintiffs' motion and objection now suggest.

Alternatively, Plaintiffs argue that they identified all of the proposed opinion witnesses in their Rule 26(a)(1) initial disclosure to Defendants well before July 1, 2017, which should suffice to identify the opinion witnesses. The Court has examined that document, in which Plaintiffs stated that "the medical providers producing medical record and billing produced in accordance with these initial disclosures are expected to have knowledge of the injuries sustained by Mr. Halsey." [DE 29] There is no suggestion that the medical providers identified would offer any opinion on causation, the source of any injury, or any other opinion beyond their personal knowledge of Mr. Halsey's injuries obtained from treating them. This does not qualify as the type of disclosure anticipated by the scheduling order or Rule 26(a)(2).

Ultimately, the Court can find nothing in the Magistrate Judge's decision which is clearly erroneous or contrary to law.

Accordingly, Plaintiffs' Objections [DE 60] to the Magistrate Judge's Order of July 27, 2017, are **OVERRULED**.

This the 10th day of August, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge