UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| SCOTT HALSEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No. |
| v. ) | 16-cv-461-JMH |
| ) | |
| AGCO CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OPINION & ORDER** |
| ) | |

\*\*\*

This matter is before the Court upon the parties' Motions for Summary Judgment, the responses thereto, and the replies made in further support thereof [DE 78, 125; 97, 112, 120; 107, 115, 117, 130, 134].[1] Ultimately, Plaintiffs lack evidence necessary to demonstrate that Defendants' product design or other negligence was the causation of Scotty Halsey's injury or that any warranty has been breached. For the reasons stated below, Plaintiffs' claims will be dismissed.

**I.**

---

[1] The Court considers, as well, Plaintiffs' Motion to Stay Defendants' Motions for Summary Judgment [DE 124, 126, 136], in which they insist that further discovery is warranted in this matter, despite the expiration of the discovery period and the conclusion of the motion practice concerning the discovery practice in this matter. The Court has already overruled Plaintiffs' objections to the Magistrate Judge's Report and Recommendation [DE 91, 100, 138] concerning Plaintiffs' motion to compel and motion for extension of time to complete discovery [DE 62, 68]. Plaintiff has had plenty of opportunity for discovery and has failed to show by "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The motion will be denied.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by citing to particular parts of materials in the record, including . . . affidavits. . . ." Fed. R. Civ. P. 56(c)(1)(A). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court views all evidence in the light most favorable to the nonmoving party in making this determination. *Livingston Christian Sch. v. Genoa Charter Twp.*, 858 F.3d 996, 1001 (6th Cir. 2017)

II.

There is no dispute that Scotty Halsey purchased a new Massey Ferguson 4600 tractor designed and manufactured by AGCO Corporation and outfitted with tires designed and manufactured by Titan Tire Corporation on July 27, 2015. Further, there is no real dispute that he sustained the injuries of which he complains while operating that tractor, which rolled over and at which time he struck his arm on the window. Rather, the Court examines the evidence for proof which demonstrates that it is probable – more likely than not – that some action or inaction

2

in design or manufacture of or the failure to warn concerning the tire and tractor on the part of Defendants caused the roll over and, thus, his injury. As explained below, the Court concludes that it does not.

"'Courts have distinguished three types of product defect: (1) manufacturing defects or deviations from the product's design that create unreasonable risks of harm; (2) design defects or unreasonable risks of harm inherent in the product's design; and (3) warning defects or unreasonable risks of harm that could have been reduced or avoided by the provisions of reasonable instructions or warnings.'" *Jarrett v. Duro-Med Indus.*, No. CIV.A. 05-102-JBC, 2008 WL 89932, at *3 (E.D. Ky. Jan. 8, 2008) (quoting *Edwards v. Hop Sin, Inc.,* 140 S.W.3d 13, 15 (Ky. Ct. App. 2003)). Nonetheless, as in any negligence case, Plaintiffs must demonstrate duty, breach, causation, and injury. *See Jones v. Hutchinson Mfg., Inc.*, 502 S.W.2d 66, 69-70 (Ky. 1973) (breach, causation, and injury analyses are the same under a negligence theory in a products liability case as they are under a strict liability theory, recognizing that strict liability reduces a plaintiff's burden of proof and the burden is higher to sustain a negligence claim with respect to an allegedly defective product). Frequently, expert testimony is required in negligence cases in which plaintiffs allege a product defect. *See Caniff v. CSX Transp. Inc.*, 438 S.W.3d 368,

3

374 (Ky. 2014) ("Experts are often required in complex cases in which a jury will not understand, through common knowledge or experience, the intricacies involved in the negligence claim.").

In the instant matter, Plaintiffs allege that the tractor's tire was somehow insufficient to perform the types of functions that Halsey was performing with the tractor under the circumstances which existed at the time of the purported tire and rim failure and that this failure caused the tractor to rollover and, ultimately, Mr. Halsey's injuries. In their Complaint, they complain that the tractor was equipped with tires that were "underrated and inadequate for the loads typically carried by them." [DE 1-2, ¶26.] In his testimony, Halsey claimed that, because of this, the "tire blew. Rim – I think that the rim, where the tire – something gave way, it dropped, deflated." [Depo. of Scotty Halsey, DE 58-9 at 97.]

According to the relevant Titan Specification Sheet, the Titan tires on Halsey's tractor have a maximum load capacity of 1,870 lbs. each. The tractor itself has a maximum weight capacity for the front axle of 7,496 lbs. The tractor itself weighed 6,944 lbs., the MF 900X Loader Model 921 with which it was equipped weighed 961.215 lbs., and the 4.5' by 5' roll of hay that Halsey was hauling on the tractor at the time of the rollover weighed an estimated 1,200 lbs. Further, while the MF 4600 Owner's Manual warns that use of the machine may present

4

"imminently hazardous situations that, if not avoided, will result in DEATH OR VERY SERIOUS INJURY" and provides a general warning against driving on slopes, it provides no information warning the specific concerns about various grades of inclines or the maximum load capacity of the tractor when equipped with the tires in question. Nor does it warn against the danger of rollover.

Scotty Halsey's testimony that he "think[s]" something happened with the rim or the tire prior to the rollover is not evidence of a defect in design or advice which ultimately caused the rollover under the circumstances and, then, his injuries. Nor is it enough when coupled with the conclusory assertion that the tires were underrated and inadequate for the loads typically carried by the tractor or the specific load on the day in question that can be calculated from the figures provided in the MF 4600 Owner's Manual using simple mathematics. Rather, there must be specific support for the Halsey's theory that the tractor rolled over *because* its tires were underrated and for the load they and the tractor bore on the day of his injuries. That material evidence is entirely lacking and cannot be inferred from the evidence presented in support of Plaintiffs' claims.

> In design defect cases, a product is considered defective only when "it is made according to an unreasonably dangerous

5

> design." *Estate of Bigham v. DaimlerChrysler Corp.*, 462 F.Supp.2d. 766, 771 (E.D.Ky. 2006) (quoting *Jones v. Hutchison Mfg., Inc.*, 502 S.W.2d 66, 69 (Ky. 1973)); *see also Montgomery Elevator Co. v. McCollough by McCollough*, 676 S.W.2d 776, 780 (Ky. 1984) (plaintiff must prove the product was manufactured in "a defective condition unreasonably dangerous."). Under the "unreasonably dangerous" analysis, the manufacturer is presumed to know the qualities, characteristics, and actual condition of his product at the time he sells it, and the question is whether the product creates "such a risk" of an accident of the general nature of the one in question "that an ordinarily prudent company engaged in the manufacture" of such a product "would not have put it on the market." *Id.* (quoting *Nichols v. Union Underwear Co., Inc.*, 602 S.W.2d 429, 433 (Ky. 1980)). . . . Because a warning can make a product reasonably safe, "a product may be unreasonably dangerous in design, unless accompanied by a warning that it should not be put to a certain use." *C & S Fuel, Inc v. Clark Equipment Co*, 552 F.Supp. 340, 347 (E.D.Ky. 1982). "The duty to warn extends to the dangers likely to result from foreseeable misuse of a product." *Morales v. American Honda Motor Co, Inc.*, 71 F.3d 531, 537 (6th Cir. 1995).

*Jarrett v. Duro-Med Indus.*, No. CIV.A. 05-102-JBC, 2008 WL 89932 (E.D. Ky. Jan. 8, 2008) (Coffman, J.). "Under Kentucky law, a plaintiff has the burden of establishing causation in claims of negligence and strict liability" in a defective design action and "must produce evidence to justify a reasonable inference of probability rather than mere possibility that the alleged design defects were responsible for her injuries." *Id*. (citing *Stewart*

6

*v. General Motors Corp.*, 222 F.Supp.2d 845, 848, 850 (W.D.Ky. 2002)).

Under either a design or manufacturing defect theory, expert proof is necessary to show that the alleged defect was a substantial factor in causing the plaintiff's injury. *Burgett v. Troy-Bilt LLC*, 970 F. Supp. 2d 676, 683 (E.D. Ky. 2013). Opinion testimony is required unless the internal workings of the product are within the common knowledge of the ordinary layperson. *Stevens v. Keller Ladders*, 1 Fed. Appx. 452, 458 (6th Cir. 2001). Opinion testimony is also required to support a plaintiff's "failure to warn" strict liability claim to provide a jury with some basis for apprising the adequacy of any warning. *See West v. KKI, LLC*, 300 S.W.3d 184, 196-97 (Ky. Ct. App. 2008).

The case before this Court is distinguishable from *Jarrett v. Duro-Med Indus*. upon which the Halseys rely to argue that no expert evidence is necessary to support their claim that the proximate cause of their injuries was an inadequate warning of a potential rollover danger for the AGCO tractor equipped with the Titan tires in question. In *Jarrett*, the plaintiff was injured in a tip-over incident involving a transport wheelchair missing one of two handbrakes with which it was designed and sold. The plaintiff presented both expert evidence that application of light pressure when engaging the wheel brakes and use of both

wheel brakes on a wheelchair would have prevented the type of tipping incident in which the plaintiff was injured and expert evidence with respect to similar types of warnings used on similar chairs that were offered to reduce or avoid any unreasonable risk of harm posed by improper use of the wheelchair. Thus, in *Jarrett*, the limited "inquir[y was] within the common knowledge of an ordinary juror, as [it] simply require[s] the juror to determine what actions the user of the [product] would have taken had those warnings been in place on the product." *Jarrett*, 2008 WL 89932, at *6.

The Halseys have not presented any evidence, expert or otherwise, that a particular use of the tractor (on an incline, bearing loads above a certain weight, etc.) more probably than not have resulted in the unreasonable risk of a rollover situation and, thus, that any warning with respect to a particular use of the tractor would have mitigated such an unreasonable risk of harm. Rather, they ask the Court and would ask the jury at trial to simply accept that a rollover is the natural consequence of Plaintiff Scotty Halsey's use of the tractor under the given circumstances. The Court declines to do so and their design defect claim fails as there is no disputed or undisputed, for that matter, material evidence to support their claim.

Nor is the Court persuaded that this is a situation where the theory of *res ipsa loquitur* applies to bridge the absence of evidence of causation and to provide Plaintiffs with relief.

> Under Kentucky law, the doctrine of res ipsa loquitur is inapplicable where the instrumentality producing the injury or damage is unknown or is not in the exclusive control of the defendant. *Hall v. E. I. Dupont DeNemours and Company*, 142 F.Supp. 737 (E.D.Ky. 1956). Res ipsa loquitur applies only where the thing shown speaks of negligence of the defendant and not merely the occurrence of an accident. *Davies Flying Service, Inc. v. United States*, 114 F.Supp. 776 (W.D.Ky. 1953), Aff'd, 216 F.2d 104 (6th Cir. 1954). The doctrine does not apply where the existence of the negligent acts is not more reasonably probable and where the proof of occurrence, without more, leaves the matter resting only to conjecture. *Schroerlucke v. McDaniel Funeral Home, Inc.*, 291 S.W.2d 6 (Ky. 1956).

*Helton v. Forest Park Baptist Church*, 589 S.W.2d 217, 219 (Ky. Ct. App. 1979); *accord Commonwealth, Dept. of Highways v. Burchett*, 419 S.W.2d 577 (Ky. 1967) (explaining three elements of doctrine: 1) instrumentality must be under control or management of defendant; 2) circumstances, according to common knowledge and experience, must create clear inference that accident would not have happened if defendant had not been negligent; and 3) plaintiff's injury must have resulted from the accident).

Neither the tractor nor the tires remained under the control or management of the defendant at the time of the

accident, nor is there a clear inference that the accident would not have happened absent some negligence on behalf of either AGCO or Titan. Assuming that the tire "blew" and became "unseated" from the rim, the finder of fact would need some expert evidence that overloading of the tires in question by the tractor and load in question could yield such a result and that, in turn, the tractor could roll over. If not, it is simply one of a series of conjectures, all of which are equally possible in the absence of some type of proof. A finder of fact could equally imagine that the tire was underrated and overwhelmed by the load, that the tire come into contact with a sharp object on the hillside, that the air temperature changed significantly from the prior day as to change the air pressure inside the tire, or that someone slashed the tire in an effort to cause an accident.

The Halseys must offer some evidence in support of causation for their claim for design defect or for negligence, generally, and, here, have failed to offer any evidence that a failure to design or warn or that only negligence on the part of Defendants could have *caused* the rollover in question. Thus, Defendants have demonstrated, as a matter of law, that no reasonable jury could find that its design or a failure to warn was a substantial factor contributing to the accident which injured the Halseys. *See Jarrett,* 2008 WL 89932 (citing *Morales*

*v. American Honda Motor Co, Inc.,* 71 F.3d 531, 537 (6th Cir.1995)). Accordingly, Plaintiffs claims fail and will be dismissed.

III.

Next, a spouse "may recover damages against a third person for loss of consortium, resulting from a negligent or wrongful act of such third person." KRS § 411.145(2). As Plaintiffs have not carried their burden of proof or persuasion to demonstrate that Defendants' negligence or wrongful act caused Scotty Halsey's injury. Accordingly, Plaintiff Kimberly Halsey's claim for loss of consortium must be dismissed, as well.

IV.

Finally, any breach of warranty claims fail. AGCO's warranty agreement, provided to all purchasers, including Plaintiff Scotty Halsey, expressly disclaims any implied warranties of merchantability and fitness for a particular purpose. AGCO's express warranty explicitly states that "AGCO Corporation warrants its new equipment to be free from defects in material and workmanship at the time of delivery to the first retail purchaser, renter, or lessee." Any allegation that AGCO breached its express warranty must be accompanied by some affirmative evidence that establishes the existence of a defect. In the absence of such evidence, as explained above, Plaintiffs cannot bear their burden of producing evidence to support this

essential element of their claim. AGCO is entitled to summary judgment.

In the absence of any proof of an independent warranty received from Titan when the tractor was purchased, there is no evidence of any warranty, let alone an express warranty, to be enforced. Accordingly, the breach of warranty claims against Defendants AGCO and Titan will be dismissed.

Accordingly, for all of the reasons stated above, **IT IS ORDERED**:

(1) that Plaintiffs' Motion to Stay Defendants' Motions for Summary Judgment [DE 124] is **DENIED**;

(2) that AGCO Corporation's Motion for Summary Judgment [DE 78] is **GRANTED**;

(3) that Titan Tire Corporation's Motion for Summary Judgment [DE 97] is **GRANTED**;

(4) That Plaintiffs' Motion for Summary Judgment [DE 107] is **DENIED**.

This the 20th day of October, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge